## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS — EASTERN DIVISION

MARK T. LAVERY,

Plaintiff,

v.

KALSHI INC.,

Defendant.

### COMPLAINT

### I. PARTIES

    1. Plaintiff Mark T. Lavery is a citizen of Illinois and brings this action pursuant to Illinois, Ohio, Kentucky, and Massachusetts gambling statutes.

    2. Defendant Kalshi Inc. is a Delaware corporation headquartered in New York.

### II. JURISDICTION AND VENUE

    3. This Court has diversity jurisdiction under 28 U.S.C. §1332 because Plaintiff is an Illinois citizen, Defendant is a Delaware/New York citizen, and statutory penalties exceed $75,000.

    4. Venue is proper because Kalshi conducts continuous gambling operations accessible to Illinois residents.

    5. Kalshi chooses not to geofence Illinois, thereby directing wagering transactions in this District and this Court has personal jurisdiction over Kalshi.

### III. OVERVIEW OF LEGAL THEORY

### A. Background

    6. Plaintiff is a bounty hunter.

    7. Plaintiff has a history of using laws derived from the Statute of Anne to collect bounties from gambling winners.

8. Plaintiff started his bounty hunting after the death of his wife by suicide in 2008.

9. Plaintiff's wife was a problem gambler.

10. Plaintiff's wife became addicted to gambling at a gambling hall called Ultimate Bet that offered poker and blackjack.

11. The operators of Ultimate Bet were part of a criminal organization of poker gamblers who operated and controlled Ultimate Bet, Pokerstars and Full Tilt Poker.

12. On April 15, 2011, the Department of Justice shutdown PokerStars, Full Tilt Poker and Absolute Poker which was a successor to Ultimate Bet.

13. One of the major promoters of this illegal gambling operation was a man named Daniel Negreaunu.

14. Plaintiff holds Negreanu accountable for the losses that his wife suffered on Ultimate Bet.

15. Plaintiff's wife was a big fan of Daniel Negreanu on a TV show called High Stakes Poker.

16. Plaintiff's wife's interest in TV poker lead her to gamble on poker and blackjack online on Ultimate Bet where she suffered thousands of dollars of losses.

17. Plaintiff's wife killed herself after suffering these losses.

18. Daniel Negreaunu works for Defendant as a gambling promoter.

19. The link between Defendant and Daniel Negreaunu and Plaintiff's wife provides him with special damages that are different in kind to Illinois Gambling Recovery LLC.

20. Plaintiff has standing to bring this case to seek penalty bounties. See *Marvin v. Trout,* 199 U.S. 212 (1905).

21. Plaintiff seeks to claim a bounty on penalties under the laws of Illinois, Kentucky, Ohio and Massachusetts.

22. Plaintiff contends that every loss on every gamble at the Kalshi Gambling Hall is subject to state penalties under the laws of each of these states because the geofence of the gambling hall includes Illinois, Kentucky, Ohio and Massachusetts.

23. The Tenth Amendment of the United States Constitution mandates that this Court must assess penalties against the winner, Kalshi, Inc. under each state law.

24. Kalshi, Inc. is the winner because as one loser has revealed "the fish are the product"

**B.    Adhi Rajaprabhakaran**

25.    Adhi Rajaprabhakaran (Adhi) is a gambler.

26. Adhi has lost thousands of dollars in the Kalshi gambling hall.

27. Adhi has never sued Defendant to recover losses.

28. Adhi also worked at Kalshi but left to become a writer.

29. Adhi has revealed many of the secrets of how Kashi operates its gambling hall in his writings.

30. Perhaps the most revelatory writing was entitled, "The Fish Are the Product".

31. Fish is a term often used by poker gamblers like Kalshi promoter Daniel Negreaunu.

32. Fish is a term for a naïve gambler that can be exploited for all his or her money.

33. In medical terms fish are people that have gambling disorder.

34. Adhi wrote, "The fish are the product, and on parlays, the fish are the takers. When DraftKings reports an 8% hold, that's their cut of the fish flow – the systematic transfer of wealth from recreational bettors to the house. When Kalshi reports fee revenue of ~1%, that's just their toll for facilitating a much larger transfer. The other 7% flows directly from takers to makers, invisible in Kalshi's revenue but very real in economic terms."

35. In this writing Adhi exposes the truth that Defendant does not profit from a mere fee on wagers but functions much like DraftKings does but in a more opaque and hidden manner.

36. Thus Kalshi is the winner of wagers just like DraftKings.

37. Kalshi risks money and is rewarded with fish money lost as their winnings.

38. Each relevant state's law authorizes private plaintiffs to recover statutory penalties from an illegal gambling "winner."

39. Under *Marvin v. Trout*, 199 U.S. 212 (1905), plaintiffs have standing and may act as bounty-style private enforcers.

40. Kalshi profits from the net transfer of value from losing customers, functioning as a gambling "winner."

41. Former employee and gambler Adhi Rajaprabhakaran publicly described Kalshi's economics as extracting "fish flow" from losing gamblers.

## IV. FACTUAL ALLEGATIONS

42. Kalshi operates an online wagering market using real money on contingent outcomes.

43. Kalshi is not licensed to operate gambling in Illinois, Ohio, Massachusetts or Kentucky.

44. Kalshi could geofence these states but does not, intentionally permitting illegal wagering.

45. Every wager placed with Kalshi constitutes an illegal gambling loss within that state.

46. Adhi Rajaprabhakaran placed numerous Kalshi wagers and incurred multiple losses above the statutory thresholds.

47. Adhi did not sue within the statutory periods.

48. Thousands of additional users suffered gambling losses and did not file suit in time. These identities and losses are discoverable because they are in the exclusive possession and control of Kalshi yet the statements of Adhi make these claims plausible.

49. Plaintiff seeks statutory penalties—not compensatory damages.

## COUNT I — ILLINOIS LAW (720 ILCS 5/28-8)

50. Plaintiff incorporates all prior paragraphs.

51. Gamblers including Adhi lost amounts exceeding $50 to Kalshi.

52. Defendant, as the gambling "winner," owes statutory treble penalties under Illinois law measured by all gambler losses over $50.

## COUNT II — OHIO LAW (Ohio Rev. Code §3763.04)

53. Plaintiff incorporates all prior paragraphs.

54. Gamblers including Adhi lost money to Kalshi and did not sue within six months.

55. Defendant, as the gambling "winner," owes statutory penalties under Ohio law measured by all gambler losses.

## COUNT III — KENTUCKY LAW (KRS 372.040)

56. Plaintiff incorporates all prior paragraphs.

57. Gamblers including Adhi lost more than $5 to Kalshi.

58. Defendant, as the gambling "winner," owes statutory penalties under Kentucky law measured by triple gambler losses over $5.

## COUNT V — MASSACHUSETTS LAW (Mass. Gen. Laws ch. 137 §1)

59. Plaintiff incorporates all prior paragraphs.

60. Gamblers including Adhi lost money to Kalshi.

61. Defendant, as the gambling "winner," owes statutory penalties under Massachusetts law measured by triple all gambler losses.

## PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Statutory penalties under each state's Loss Recovery Act;

B. Any other relief deemed just by the Court.

Respectfully Submitted,


/s/ Mark T. Lavery

Plaintiff


Mark Lavery
1200 W 35th Street
Chicago, IL 60609
AnchorPointRG@outlook.com