UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARK T. LAVERY,

                         Plaintiff,

        -against-

KALSHI INC.,

                       Defendant.

25 Civ. 14184

Hon. Matthew F. Kennelly

## KALSHI INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF MARK T. LAVERY'S MOTION FOR JURISDICTIONAL DISCOVERY

i

**INTRODUCTION**

Kalshi Inc. respectfully submits this memorandum in opposition to Plaintiff Mark T. Lavery's April 21, 2026 motion for jurisdictional discovery (the "Motion," Dkt. #28). On March 6, 2026, Kalshi Inc. moved to dismiss Plaintiff's Complaint on four independent grounds: (1) pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction over Kalshi Inc.; (2) pursuant to Rule 12(b)(6), because the Complaint fails to allege that any transactions Adhi Rajaprabhakarian placed on the KalshiEX exchange occurred in Illinois, Ohio, Kentucky, or Massachusetts, such that the laws of those states, on which Plaintiff relies, could provide a basis for a claim; (3) pursuant to Rule 12(b)(6), because the state statutory provisions on which Plaintiff relies are preempted by federal law; and (4) pursuant to Rule 12(b)(6), because even if there were a basis to apply the Illinois, Ohio, Kentucky, or Massachusetts statutes to Adhi's transactions, *and* even if those statutes were not preempted by federal law, the Complaint would still fail to state a claim under the requirements of those statutes.

On April 10, 2026, Plaintiff filed an opposition to Kalshi Inc.'s motion to dismiss.[1] Then on April 21, 2026, Plaintiff filed this Motion, and asked the Court to refrain from ruling on Kalshi Inc.'s pending motion to dismiss until Plaintiff conducted jurisdictional discovery. On April 24, 2026, Kalshi Inc. filed its reply brief in support of its motion to dismiss. The motion to dismiss is now fully briefed.

This Court should deny Plaintiff's motion for jurisdictional discovery. First, jurisdictional discovery should be denied because the claims asserted against Kalshi Inc. are plainly not viable on the merits, and the Court need not reach the issue of personal jurisdiction in

---

[1] The Court had given Plaintiff an opportunity to amend his Complaint by March 27, 2026 (*see* Dkt. #21), but Plaintiff declined to do so.

1

order to dismiss the Complaint. Second, jurisdictional discovery should be denied because Plaintiff has not made a *prima facie* showing of personal jurisdiction over Kalshi Inc. to justify conducting jurisdictional discovery. Indeed, Plaintiff's arguments in favor of discovery – principally the notion that written testimony given by Kalshi Inc. to the Illinois Senate Subcommittee on Gaming, Wagering, and Racing **several months after** Plaintiff filed this lawsuit was a purposeful contact with the forum that somehow gave rise or related to his claims – only reinforce the lack of any colorable basis to exercise specific jurisdiction over Kalshi Inc. in this case. And third, jurisdictional discovery should be denied because the nature of Plaintiff's requests far exceeds the narrowly targeted approach that is permissible even in circumstances where – unlike here – jurisdictional discovery is appropriate.

## ARGUMENT

### A.  The Motion Should Be Denied Because Plaintiff's Claims Are Plainly Not Viable

Where a plaintiff's claims are "plainly not viable," they may be dismissed on the merits without reaching the question of personal jurisdiction. *Evangelical Benefit Tr. v. Lloyd's Underwriters Syndicate Nos. 2987, 1607, 1183 & 2001*, No. 09 Civ. 4004, 2010 WL 2927404, at *3 (N.D. Ill. July 19, 2010) (citing 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1067.6 for proposition that court can "resolv[e] the suit on the merits when they clearly must be decided in favor of the party challenging [personal] jurisdiction, thereby obviating any need to decide the question") (brackets in original).

Here, for the reasons discussed at length in Defendant's motion to dismiss and reply in support of the motion to dismiss, the non-jurisdictional bases for dismissal of the Complaint are sufficiently plain that the Court need not decide the issue of personal jurisdiction. First, there is no basis in the Complaint – or, for that matter, in Plaintiff's opposition to the motion to dismiss –

for the Court to find that a claim accrued to Adhi under the Illinois, Ohio, Kentucky, or Massachusetts Statutes of Anne that Plaintiff seeks to apply to Adhi's transactions. (*See* Motion to Dismiss at 8-9; Reply at 5-9). That is because there is no allegation that Adhi transacted under the aegis of those states' regulatory frameworks. Without pleading, at the very least, that some part of Adhi's transactions took place in Illinois, Ohio, Kentucky, or Massachusetts, the Complaint cannot state a claim for Adhi under the laws of those states. *See, e.g.*, *Cie v. Comdata Network, Inc.*, 275 Ill. App. 3d 759, 767-68 (holding that Illinois's statutory reach is "limit[ed] . . . to cases in which an element of the crime occurs within its borders," and Illinois anti-gambling statute "simply does not apply to gambling wholly outside of Illinois"). Without stating a claim for Adhi, Plaintiff cannot state one for himself.[2] *See, e.g.*, Illinois Loss Recovery Act, 720 ILCS 5/28, Sections 28-8(a) and 28-8(b) ("loser" of transaction must have been entitled to initiate action to recover his losses, in order to trigger third-party recovery provision).

Second, the state statutes on which Plaintiff seeks to rely are preempted by federal law. (*See* Motion to Dismiss at 9-19; Reply at 9-14). As discussed in the Reply, the legal consensus behind preemption has gotten stronger since Kalshi Inc.'s Motion to Dismiss was filed. Somewhat defensively, Plaintiff suggests in his Motion for Jurisdictional Discovery that the Court should not dismiss the Complaint on preemption grounds before allowing for jurisdictional discovery because "Defendant's preemption theory depends on the same contested premise this discovery would test – namely that the transactions at issue occurred on the CFTC-regulated DCM (KalshiEX LLC) and that Kalshi Inc. cannot be held liable for the conduct of its subsidiary." (Motion at 10). This statement does not make sense, for at least two reasons: (a)

---

[2] Insofar as the Complaint fails to allege that any part of Adhi's purported transactions took place in Illinois, this deficiency overlaps with the absence of specific jurisdiction over Kalshi Inc. in Illinois. Nothing that occurred in Illinois gave rise to Plaintiff's claims here. (*See infra* at 5-9).

3

jurisdictional discovery would have nothing to do with whether Adhi's transactions occurred on the KalshiEX DCM – indeed, Adhi's name is not mentioned once in Plaintiff's 300 page motion and exhibits in support of jurisdictional discovery – and (b) Kalshi Inc.'s preemption arguments do not rely on the fact that Kalshi Inc., as the parent company, is the wrong defendant. (*See* Motion to Dismiss at 9-19 & 11 n.4 (addressing preemption as if Plaintiff had sued the actual operator of the exchange, KalshiEX LLC, and noting only in a footnote that the DCM is not operated by the defendant that plaintiff chose to sue, Kalshi Inc.). Dismissal on preemption grounds does not require additional discovery, and certainly not jurisdictional discovery.

And third, even if the four state statutes Plaintiff has chosen were applicable to Adhi's transactions **and** were not preempted, the Complaint still fails to state a claim under them. As he does with preemption, Plaintiff shoehorns this issue into his Motion for Jurisdictional Discovery in an attempt to use jurisdictional discovery as a way of forestalling dismissal on the merits. He claims that jurisdictional discovery could show that Kalshi Inc. is more than a passive holding company, and therefore, that it can qualify as a "winner" under the Illinois and Kentucky Statutes of Anne. (*See* Motion at 10). This is a smokescreen. Plaintiff once again responds only to an argument Kalshi Inc. makes in a footnote. (*See* Motion to Dismiss at 24 n.6). Kalshi Inc.'s arguments regarding Plaintiff's failure to state a claim under the Statutes of Anne do not rely on Kalshi Inc. being a holding company – they rely primarily on the sheer conclusory nature of Plaintiff's allegation that Adhi is a "loser" under any of the statutes (*see id.* at 23-24); the fact that even KalshiEX LLC is not a party to the transactions at issue risking its own money (*see id.* at 24); and, critically, the total absence of allegations in the Complaint that Adhi's transactions were "parlays" in which he was a "fish" – **the only** respect in which Adhi has allegedly written in external documents that "the house" is a "winner" (*see id.* at 3, 24-25). Jurisdictional discovery

4

has nothing to do with any of that, and Plaintiff has no answer for these deficiencies in the Complaint.   Plaintiff's claims are plainly not viable.

**B. The Motion Should Be Denied Because Plaintiff Has Not Made A *Prima Facie* Showing Of Jurisdiction Over Kalshi Inc.**

Plaintiff has also failed to make a *prima facie* showing of personal jurisdiction over Kalshi Inc.  This independently requires denial of his motion for jurisdictional discovery.

"At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted."  *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *see also, e.g.*, *John Crane, Inc. v. Shein Law Ctr., Inc.*, 891 F.3d 692, 695 (7th Cir. 2018) (it is "plaintiff's burden . . . to set forth a prima facie showing of jurisdiction").  "[W]hen a lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted."  *Medline Indus., Inc. v. Diversey, Inc.*, No. 20 Civ. 4424, 2020 WL 5763637, at *4 (N.D. Ill. Sept. 28, 2020).  Nor can a plaintiff embark on discovery as part of a "fishing expedition" to seek to find a basis for the exercise of personal jurisdiction.  *Poet Research, Inc. v. Hydrate Chem. Co.*, No. 24 Civ. 1285, 2025 WL 2696411, at *8 (N.D. Ill. Sept. 22, 2025).

Here, Plaintiff contends that the materials he submitted in support of his Motion make a "colorable showing of specific jurisdiction." (Motion at 8).  "In order for personal jurisdiction to be proper, a defendant must have purposefully established minimum contacts with the forum [. . . .] To exercise specific personal jurisdiction, *the plaintiff's cause of action must arise out of or be related to these minimum contacts*."  *Central States*, 230 F.3d at 943 (emphasis added); *see also, e.g.*, *Wilson v. Liebel Holdings III, LLC*, 687 F. Supp. 2d 802, 806 (N.D. Ill. 2010) ("Specific jurisdiction, the jurisdiction asserted in this case, applies to a defendant when the suit arises out of or relates to the defendant's contacts with the forum.  When specific jurisdiction

5

over a non-resident is asserted, due process is satisfied if the defendant has purposely directed his activities at residents of the state ***and*** the suit involves alleged injuries that arise out of or related to those activities.") (internal citations and quotation marks omitted; emphasis in original).

Plaintiff has not made a *prima facie* showing that his cause of action arises out of or relates to Kalshi Inc.'s purposefully established minimum contacts with the State of Illinois. Plaintiff has deliberately chosen to sue Kalshi Inc., a parent holding company, instead of KalshiEX LLC, the entity that operates the exchange over which transactions are placed. (*See* Motion at 1-2; Opposition (Dkt. #27) at 13). It is therefore Kalshi Inc.'s contacts with Illinois, if any, that are relevant to the jurisdictional analysis.[3] These contacts, even if Plaintiff's most aggressive perspective on them were adopted, provide no basis for jurisdiction.

The centerpiece of Plaintiff's Motion is the fact that Kalshi Inc. submitted written testimony to the Illinois Senate Subcommittee on Gaming, Wagering, and Racing on April 6, 2026. (*See* Declaration of Christopher V. Langone, Exhibit 13). Plaintiff argues that by submitting testimony, Kalshi Inc. "voluntarily directed activity at Illinois." (Motion at 8). But Plaintiff cannot plausibly argue that his cause of action arose out of or related to Kalshi Inc.'s testimony. For one thing, the testimony ***post-dates*** Plaintiff's cause of action. It is a "contact" by Kalshi Inc. with Illinois that did not even exist as of Plaintiff's filing of his lawsuit, let alone give rise to the lawsuit. The testimony also post-dates – by an even greater margin – the alleged transactions by Adhi that form the purported foundation of the lawsuit.[4] This is dispositive. In any event, the content of the testimony, which constituted a request to the Subcommittee and Senate to reconsider the Prediction Markets Regulation and Taxation Act, had nothing to do with

---

[3] Plaintiff has also failed to show a basis for exercising jurisdiction over KalshiEX LLC. (*See* Reply at 3 n.2).

[4] Nor, as discussed above (*see supra* at 2-3) does the Complaint even allege that Adhi placed transactions in Illinois.

any transactions that Adhi placed over the KalshiEX DCM.[5]  Kalshi Inc.'s written testimony did not give rise or relate to Plaintiff's lawsuit or the transactions by Adhi that allegedly preceded the lawsuit.  It provides no jurisdictional hook for Plaintiff.

Plaintiff's secondary arguments in favor of putting the motion to dismiss on pause in order to conduct jurisdictional discovery are even more attenuated.  There are 12 exhibits to the Langone Declaration other than the written testimony discussed above.[6]  Not one of them contains any mention of the State of Illinois, let alone Kalshi Inc.'s purposeful contacts there. Nor do they contain a single mention of Adhi, whose purported transactions provide the basis for Plaintiff's Complaint.  Put another way, outside of the April 6, 2026 written testimony, the materials submitted by Plaintiff do not include even a trace of a contact between Kalshi Inc. and this forum or between Adhi and this forum. There is nothing in these materials to suggest that Kalshi Inc. purposefully directed its activities to residents of Illinois, let alone that Plaintiff's claims arose out of such purposeful contacts.

Plaintiff implicitly acknowledges this.  In summarizing the issues he seeks to resolve through jurisdictional discovery, he conspicuously omits (a) determining the nature of Kalshi Inc.'s purposeful contacts with Illinois, and (b) ascertaining whether Adhi's transactions arose out of those purposeful contacts with the State.  (*See* Langone Declaration ¶ 2).  Plaintiff has made absolutely no *prima facie* showing that Kalshi Inc. had purposeful contacts with Illinois which gave rise to Adhi's transactions – as he must in order to justify jurisdictional discovery – and neither the materials he submits, nor the discovery he requests, even address that failing.

---

[5] Notably, the testimony confirms that it is KalshiEX LLC – the entity Plaintiff has deliberately chosen not to sue - that operates the platform on which users can place transactions.  (*See* Ex. 13 at 1).

[6] The exhibits consist of KalshiEX LLC corporate documents; Kalshi Inc. corporate documents; press releases; excerpts from Kalshi-related webpages; filings with the United States Securities and Exchange Commission; an image from the Apple app store; the KalshiEX LLC Rulebook; and an application for a trademark.

Plaintiff asserts instead that the documents attached to the Langone Declaration give him a colorable basis to allege that Kalshi Inc. "controls, funds, and profits from" the operation of the exchange. (Motion at 8). This assertion, however, is neither here nor there in terms of specific jurisdiction.[7] The jurisdictional question is not whether Kalshi Inc. is an entirely passive holding company or a holding company that is not entirely passive; nor is it whether Kalshi Inc. turns a profit. The question is whether any activities that Kalshi Inc. engaged in were purposefully directed towards Illinois residents, and if so, whether those activities gave rise to this specific lawsuit. Plaintiff, by contrast, seeks to conduct discovery on questions that would not support specific jurisdiction over Kalshi Inc. no matter how they were answered.

Also in the guise of jurisdictional argument, Plaintiff reiterates that his choice to sue Kalshi Inc. instead of KalshiEX LLC was a deliberate one:

> Third, the Complaint is pleaded against Kalshi Inc., not KalshiEX LLC, precisely because Plaintiff does not concede Heaslip's characterization that Kalshi Inc. is a passive bystander. Plaintiff's theory is that Kalshi Inc. is the parent entity whose operations are described in the Illinois Senate testimony, which receives the nearly $1 billion in parent-level fundraising used to build "the exchange," whose brand and app are marketed to the public as a unified "Kalshi" offering, and which retains control over every material governance decision affecting the exchange subsidiary. Whether that theory survives the evidence is a merits question. For purposes of this motion, it is more than colorable.

(Motion at 8-9). Plaintiff's strategic reasons for suing Kalshi Inc. alone and not KalshiEX LLC (and then declining to amend his Complaint to add KalshiEX LLC after Kalshi Inc. moved to dismiss in part because the wrong defendant had been named), whatever those reasons may be, have no bearing on the jurisdictional analysis here and certainly do not justify jurisdictional discovery. As a threshold matter, having a "colorable" theory that Kalshi Inc. is more than a "passive bystander" is irrelevant. The issue is whether in support of jurisdictional discovery,

---

[7] It is also a dramatic overstatement of the materials attached to the Langone Declaration.

Plaintiff has made a colorable showing that Kalshi Inc. purposefully directed contacts toward the residents of Illinois that gave rise to Plaintiff's claims, by way of Adhi's transactions. As discussed at length above, he has not.

The degree of control or lack of control that Kalshi Inc. exerts over KalshiEX LLC is also irrelevant because Plaintiff has never argued – either in his current motion, or in his opposition to Kalshi Inc.'s motion to dismiss – that he believes that the corporate veil of KalshiEX LLC should be pierced; nor has he provided any basis for doing so. But even something as extreme and unwarranted as piercing the corporate veil would have no effect on the jurisdictional issue here. Neither the Complaint nor the 300 pages of materials Plaintiff has now submitted to the Court make a *prima facie* showing that Adhi had contacts **even with KalshiEX** – let alone Kalshi Inc. – in the State of Illinois that gave rise to this lawsuit. The Complaint is utterly silent as to where Adhi's transactions took place. There is no lens through which it comports with due process for Kalshi Inc. to be hailed into court in Illinois, where it is not a resident and is not headquartered, to defend a lawsuit over transactions that are not alleged to have taken place in that forum.

Plaintiff has not made a *prima facie* showing of specific jurisdiction over Kalshi Inc., and his Motion must be denied.

### C. Plaintiff's Requests Are Not Narrowly Targeted

Finally, the breadth of the requested discovery alone is a reason to deny Plaintiff's motion. Jurisdictional discovery, even where it is appropriate – and here, for all of the reasons discussed above, it is not – must be "limited discovery, narrowly targeted at [the] jurisdictional question." *Hach Co. v. Hakuto Co., Ltd.*, 784 F. Supp. 2d 977, 983 (N.D. Ill. 2011); *see also, e.g., Hill v. Shell Oil Co.*, 149 F. Supp. 2d 416, 420 (N.D. Ill. 2001) (allowing "narrowly targeted

discovery" for purposes of determining personal jurisdiction question). Plaintiff's requests are anything but. He seeks eight categories of document productions; seven interrogatories, several of which contain multiple component parts (*see, e.g.*, Motion at 13, Interrogatory #3 ("each bank, processor, app store . . ."); and two depositions. In terms of quantity and burden alone, this is closer to Rule 26 discovery than targeted Rule 12(b)(2) discovery.

The content of the requests, which include, to take only a handful of examples, board minutes, IP licenses, fundraising proceeds, and bylaws (*see* Motion at 13), is similarly indiscriminate. These requests reflect not a targeted effort to resolve a discrete number of outstanding issues relating to personal jurisdiction, but rather an effort to cast as wide a net as possible in the hopes of stumbling upon a basis for personal jurisdiction. That is impermissible. Jurisdictional discovery is only warranted where it will serve to clarify factual disputes in the pleadings that bear on the existence of personal jurisdiction. That is not the case here.

### CONCLUSION

For all of the reasons discussed above, Plaintiff's Motion should be denied.

Dated: May 5, 2026
New York, New York

By: MAX NICHOLAS LLC

/s/
Max Nicholas
100 Pearl Street, Suite 1801
New York, NY 10004
(646) 741-0229
maxn@maxnicholasllc.com
*Attorneys for Defendant Kalshi Inc.*

10