**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK T. LAVERY,<br><br>Plaintiff,<br><br>v.<br><br>KALSHI INC., KALSHIEX LLC, KALSHI TRADING LLC, and KALSHI KLEAR LLC,<br><br>Defendants. | ) | Case No. 1:25-cv-14184<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPELLATE RESOLUTION OF THE COMMODITY EXCHANGE ACT PREEMPTION QUESTION; OR, IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO RESPOND TO THE MOTION TO DISMISS**

Plaintiff Mark T. Lavery, by his undersigned counsel, moves under the Court's inherent authority to control its docket, *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936), for an order staying this action pending appellate resolution of whether the Commodity Exchange Act ("CEA") preempts the application of state gambling law to sports-event contracts traded on a CFTC-designated contract market. In support, Plaintiff states as follows.

## INTRODUCTION

Four days ago, Kalshi asked a district court in this Circuit to stay a case against, as it sought a certificate of appealability with the Seventh Circuit. [Dkt. 102, p.9] The CEA preemption question is novel, is percolating up to federal courts of appeals around the country, and is likely to the Supreme Court. The Wisconsin district court agreed: it certified the question for interlocutory appeal under 28 U.S.C. § 1292(b) and stayed the case in its entirety. *Ho-Chunk Nation v. Kalshi Inc.*, No. 25-cv-698-wmc, 2026 LEXIS 529588, at *10-11 (W.D. Wis. Sep. 11, 2026) (Conley, J.). Plaintiff asks the Court to do what Judge Conley did, and what Kalshi asked Judge Conley to do.

Since Kalshi filed its motion to dismiss on August 31, the Ninth Circuit has held that Kalshi's sports-event contracts are not swaps within the CFTC's exclusive jurisdiction, creating a direct circuit split with the Third Circuit; New Jersey has filed a petition for certiorari built on that split; and the Western District of Wisconsin has sent the question to the Seventh Circuit. A stay will let the Court decide preemption with the benefit of binding or at least authoritative guidance rather than in a vacuum, will cost Kalshi nothing it has not already told another court it wants, and will spare this Court from writing a fourth opinion on the same question inside the Dirksen building while the courts above it are at work.

## BACKGROUND

### A. This case.

The operative First Amended Complaint [Dkt. 40] pleads claims under the loss-recovery statutes of Illinois (720 ILCS 5/28-8), Massachusetts, Kentucky, and Georgia arising from losses on sports-event contracts traded on Kalshi's platform. On August 31, 2026, Defendants moved to dismiss under Rules 12(b)(2) and 12(b)(6). [Dkt. 41.] Among other grounds, Defendants argue that the CEA expressly, impliedly, and by conflict preempts every count because the contracts are "swaps" traded on a CFTC-designated contract market. Defendants rely principally on *KalshiEX LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026), and acknowledge that the Ninth Circuit has reached the opposite conclusion. Defendants ask for dismissal with prejudice. Court's July 13, 2026 opinion on Defendants' first motion to dismiss did not reach the preemption question. [7/13/26 Op.]

**B. Whether to grant certiorari on the preemption question is now before the Supreme Court. Moreover, an interolocutory appeal is being considered by the Seventh Circuit, and three other courts of appeals are split on the question.**

Whether the CEA displaces state gambling law as applied to sports-event contracts on a designated contract market is a pure question of statutory law, and the courts are split on how to resolve it.

The Third Circuit. On April 6, 2026, a divided panel affirmed a preliminary injunction barring New Jersey from enforcing its gambling laws against Kalshi, holding that Kalshi had shown a likelihood that its sports-event contracts are “swaps” within the CFTC's exclusive jurisdiction and that field and conflict preemption apply. *Flaherty*, 172 F.4th 220. Judge Roth dissented. The ruling was expressly preliminary; the panel found only a reasonable likelihood of success.

The Ninth Circuit. On August 28, 2026, two business days before Defendants filed their motion in this case, the Ninth Circuit held the opposite. Reviewing the dissolution of Kalshi's preliminary injunction against Nevada, the court concluded that Kalshi had not shown a likelihood that the CEA preempts state gaming regulation as applied to its sports-event contracts, reasoning that the contracts are contingent on the outcome of a game and therefore fall within the statute's “gaming” carve-out rather than the CFTC's exclusive swap jurisdiction. *Kalshiex, LLC v. Assad*, No. 25-7516, 2026 LX 403658, at *11-12 (9th Cir. Aug. 28, 2026). The decision creates a square conflict with *Flaherty*.

The Supreme Court. On September 2, 2026, New Jersey petitioned for certiorari from *Flaherty*, presenting the single question whether the Dodd-Frank amendments to the CEA preempt states from regulating sports bets offered on CFTC-registered markets. *Flaherty v. KalshiEX, LLC*, No. 26-299 (U.S. docketed Sept. 8, 2026). The petition is built on the split with *Assad*.

The Fourth and Sixth Circuits. Kalshi's appeal from the District of Maryland's denial of a preliminary injunction was argued in the Fourth Circuit on May 7, 2026, and remains under advisement. Kalshi's appeal from the Southern District of Ohio's denial of a preliminary injunction is pending in the Sixth Circuit.

The Seventh Circuit. In *Ho-Chunk Nation*, the Western District of Wisconsin held on May 11, 2026 that the CEA does not preempt a tribe's authority under the Indian Gaming Regulatory Act to regulate Kalshi's sports-event contracts offered on tribal lands, and denied Kalshi's motion to dismiss those claims. On September 11, 2026, on Kalshi's motion, Judge Conley certified the preemption question for interlocutory appeal under § 1292(b). Judge Conley reasoned that the question is novel, is percolating through the courts of appeals, and is likely headed to the Supreme Court—and stayed the case pending the outcome of the appeal. 2026 WL 2676018, at *1. Kalshi's petition for permission to appeal is due within ten days of that order. 28 U.S.C. § 1292(b); Fed. R. App. P. 5(a)(3).

**C. Kalshi's own position on stays as stated in other litigation**

Kalshi moved to stay *Ho-Chunk Nation* pending its interlocutory appeal and obtained a stay of the entire case. It previously obtained a stay of its deadline to answer the *Ho-Chunk* amended complaint. In the Ohio litigation, Kalshi joined the State in asking the district court to stay proceedings pending the Sixth Circuit's decision. Kalshi's position, in short, is that district courts should wait for the courts of appeals to resolve this question. Given the present circumstances, Plaintiff agrees.

## ARGUMENT

### I. The Court has broad discretion to stay proceedings pending resolution of a controlling legal question in another court.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. That authority extends to staying a case so that a legal question controlling its outcome can first be resolved in another proceeding. *See Landis*, 299 U.S. at 254–56 (approving stay pending decision in a test case involving the same statute, provided the stay is not “immoderate”).

Courts in this District consider three factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Se-Kure Controls, Inc. v. Sennco Sols., Inc.*, 675 F. Supp. 2d 877, 879 (N.D. Ill. 2009) (Holderman, C.J.) (staying claims whose dispositive legal issue was on appeal in another case). Each factor favors a stay here.

### II. A stay will simplify—and may resolve—the central issue in Defendants' motion.

Preemption is the ground on which Defendants seek dismissal of every count with prejudice. It is a question of law that does not depend on the allegations of the First Amended Complaint, and it is the question the Seventh Circuit will decide if it accepts the *Ho-Chunk* appeal, that the Supreme Court will decide if it grants certiorari in *Flaherty*.

A stay simplifies this case whichever way those courts rule. If the Seventh Circuit or the Supreme Court holds that the CEA preempts state gambling law as applied to these contracts, the Court can apply that holding directly, and the parties will have been spared briefing that would have been superseded. If those courts hold, as the Ninth Circuit did, that sports-event contracts are

not swaps within the CFTC's exclusive jurisdiction, Defendants' principal ground disappears and what remains of the motion to dismiss are a set of pleading objections that can be briefed, or cured by a second amendment of the complaint.

The preemption question also overlaps with the merits of Count I. Whether a Kalshi sports-event contract is a “swap” or a “bet” is the same questionas whether it is "gambling" under 720 ILCS 5/28-1 such that a loser may recover under 720 ILCS 5/28-8. The Ninth Circuit's answer – i.e., that the contracts are sports bets, regardless of what Kalshi calls them—goes to the heart of Plaintiff's Illinois claim.

**III. A stay will not prejudice or tactically disadvantage Defendants.**

The usual concern with a stay is prejudice to the plaintiff, whose claim is delayed. Here the plaintiff is the movant and accepts that delay. Defendants, for their part, suffer no cognizable harm from waiting. No discovery is pending. No trial date has been set. The stay merely postpones a ruling on a motion that Defendants filed; it does not restrict Defendants' business, which continues unabated in Illinois and elsewhere. And Defendants cannot credibly claim tactical disadvantage from a stay they sought and obtained four days ago in a court of this Circuit on the basis that the question is novel and headed to the Supreme Court. 2026 LEXIS 529588, at *10-11 (W.D. Wis. Sep. 11, 2026).

Nor is the requested stay immoderate. *Landis* cautions against a stay of indefinite duration, 299 U.S. at 257, and Plaintiff does not seek one. The § 1292(b) petition in *Ho-Chunk* will be filed within days, and the Seventh Circuit will decide promptly whether to accept it. The certiorari petition in *Flaherty* will be resolved this Term. Plaintiff proposes a stay until December 31, with a joint status report at or around that time.

**IV. A stay will reduce the burden on the parties and the Court.**

Without a stay, the Court will be asked to write a full opinion on a novel question of federal preemption where two circuits have split and both the Supreme Court and Seventh Circuit have been asked to grant review.

**WHEREFORE,** Plaintiff requests that the Court (1) stay all proceedings in this action until December 31, 2026 to report on the status of the Seventh Circuit's disposition of the interlocutory appeal in *Ho-Chunk Nation v. Kalshi Inc.* and the Supreme Court's disposition of the petition in *Flaherty v. KalshiEX, LLC*, No. 26-299.

In the alternative, should the Court prefer to proceed with briefing and motion proactice in this case, Plaintiff asks that the Court grant an additional 14 days to respond to the motion..

**Counsel for Plaintiff conferred with counsel for Defendants regarding this motion on September 16, 2026. Defendants oppose the request for a stay but do not oppose the alternative request for a 14 day extension to respond to the motion to dismiss should the request for a stay be denied.**

Dated: September 16, 2026

Respectfully submitted,

MARK T. LAVERY

By: /s/ Christopher V. Langone
One of his attorneys

Christopher V. Langone
205 N. Michigan Ave., Suite 810
Chicago, IL 60601
(312) 720-9191